UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DOMINICK BARRETT,           CIVIL ACTION NO.

                            Plaintiff,

                                       **COMPLAINT**

      -against-

CITY OF NEW YORK, P.O. DORIAN THOMPSON,     **JURY TRIAL DEMANDED**
P.O. JOHN DOE #1, P.O. JOHN DOE #2 and P.O.
JOHN DOE #3,

                                   Defendants.
-------------------------------------------------------------------X

Plaintiff, by his attorneys, the Law Offices of Michael Dreishpoon, complaining of the Defendants, respectfully shows to this Court and alleges:

## THE PARTIES

1.    At all times hereinafter mentioned, Plaintiff, DOMINICK BARRETT (hereinafter referred to as "Plaintiff"), was and still is a resident of the State of New York, Queens County.

2.    At all times relevant and material herein, Defendant, CITY OF NEW YORK, was and still is a domestic municipal corporation, duly organized and existing under, and by virtue of, the Laws of the State of New York.

3.    At all times relevant and material herein, defendant, P.O. DORIAN THOMPSON (Badge No. 27864) (hereinafter referred to as "P.O. THOMPSON"), P.O. JOHN DOE #1, P.O. JOHN DOE #2 and P.O. JOHN DOE #3 (hereinafter referred to as "P.O. JOHN DOES") were employees of the New York City Police Department (hereinafter referred to as "the NYPD").

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 in that it alleges a claim for relief arising under 42 U.S.C. § 1983.

5. Additionally, this Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C. § 1367 because such claims form part of the same case or controversy over which this court has original subject matter jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district or, in the alternative, Defendant CITY OF NEW YORK, is subject to personal jurisdiction in this district.

## ALLEGATIONS PERTAINING TO ALL OF PLAINTIFF'S CLAIMS

7. At all times relevant and material herein, Defendant, CITY OF NEW YORK, maintained, managed, supervised and controlled the NYPD as part of, and in conjunction with, its municipal functions.

8. At all times relevant and material herein, Defendants, P.O. THOMPSON and P.O. JOHN DOES #1-3, were employees of the NYPD.

10. At all times hereinafter mentioned, and upon information and belief, Defendant, CITY OF NEW YORK, employed and supervised P.O. THOMPSON and P.O. JOHN DOES #1-3.

11. Upon information and belief, P.O. THOMPSON and P.O. JOHN DOES #1-3 were graduates of the NYPD's Police Academy.

12. At all times relevant hereto, Defendant, CITY OF NEW YORK, had the duty to competently and sufficiently train, within the Police Academy and at the command, precinct and patrol levels, P.O. THOMPSON and P.O. JOHN DOES #1-3, and to conform their conduct to a standard for the protection of individuals, such as Plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as to not intentionally, wantonly and/or negligently injure

2

citizens such as Plaintiff.

13. In addition, at all times relevant hereto, Defendant, CITY OF NEW YORK, had the duty to competently and sufficiently train, within the Police Academy and at the command, precinct and patrol levels, P.O. THOMPSON and P.O. JOHN DOES #1-3 in the protection of the rights of Plaintiff under the Constitution of the United States of America.

14. Upon information and belief, and at all times hereinafter mentioned, P.O. THOMPSON and P.O. JOHN DOES #1-3 were acting in their capacity as employees, agents and/or servants of Defendant, CITY OF NEW YORK.

15. At all times hereinafter mentioned, P.O. THOMPSON and P.O. JOHN DOES #1-3 were acting under the color of state law.

16. At all times herein mentioned, Defendants' acts constituted "state action."

17. Upon information and belief, on Saturday, December 2, 2017, at approximately 1:35 P.M., Plaintiff was standing on the stoop in front of the building where he lives.

18. The building is part of the South Jamaica Houses and is located at 106-56 160th St., Jamaica, NY 11433.

19. At that particular time, there were approximately 4-5 other people on the same stoop.

20. A police vehicle stopped a few yards away, and two officers, one of whom was P.O. THOMPSON, approached the stoop.

21. Many of the people on the stoop went into the building, but Plaintiff stood where he was.

22. P.O. THOMPSON grabbed Plaintiff and began harassing him for no reason.

23. After some words were exchanged, P.O. THOMPSON and P.O. JOHN DOES #1-3

3

forcefully grabbed Plaintiff, pushed him toward one of the railings, and hand-cuffed him behind his back.

24. P.O. THOMPSON arrested Plaintiff (Arrest # Q17653516), but never told him what he was being charged with.

25. Plaintiff was transported to a precinct at the Pomonock Houses and eventually taken to Central Booking in Kew Gardens. At approximately midnight, he was handed a piece of paper signed by A.D.A. Peter Lomp stating that all of the charges have been dismissed.

26. After Plaintiff removed his sweatshirt while at the precinct at the Pomonock Houses, a female officer noted that she had blood on her, and pointed to a laceration on Plaintiff's left upper arm near the elbow. This laceration was caused by the assault and false arrest by P.O. THOMPSON and P.O. JOHN DOES #1-3 and has resulted in a permanent scar. Additionally, Plaintiff suffered approximately 10.5 hours loss of liberty.

27. The above actions of P.O. THOMPSON and P.O. JOHN DOES #1-3 were done without probable cause, just cause, reasonable grounds or provocation, and placed Plaintiff in imminent fear of unlawful touching.

28. In addition, P.O. THOMPSON and P.O. JOHN DOES #1-3 actually touched Plaintiff in a hostile, aggressive, excessive, unlawful and offensive manner without Plaintiff's consent and with the intention of harmful or offensive bodily contact.

29. As a result of these injuries, Plaintiff suffered, and will continue to suffer, continuous pain, suffering and anguish.

30. By reason of the foregoing acts by Defendants, Plaintiff was caused emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer same.

## ALLEGATIONS PERTAINING TO
## PLAINTIFF'S CLAIMS UNDER STATE LAW

31. On March 5, 2018, Plaintiff served a Notice of Claim on the City of New York, which service was deemed timely, nunc pro tunc, pursuant to the Order of Justice Kevin J. Kerrigan dated April 26, 2018 and presented to the County Clerk for entry and filing on May 1, 2018 in Supreme Court, Queens County, Index No. 1847/18.

32. On May 8, 2018, a hearing was held pursuant to New York State's General Municipal Law § 50-h.

33. More than thirty (30) days have elapsed since the claims upon which this action is based were presented to Defendant, CITY OF NEW YORK, and said defendant has neglected and/or refused to make payment or adjustment thereof.

## FIRST CLAIM FOR RELIEF
## (COMMON LAW NEGLIGENCE)

34. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

35. Defendant, CITY OF NEW YORK, was negligent in its operation, management, supervision and control of its department, as well as in the training and conduct of P.O. THOMPSON and P.O. JOHN DOES #1-3, as well as the other officers involved.

36. As a result of the above-mentioned negligence, NYPD officers, one of whom was P.O. THOMPSON, arrested and assaulted Plaintiff.

37. As a result thereof, Plaintiff is entitled to judgment in the amount of $1,000,000.00.

## SECOND CLAIM FOR RELIEF (FALSE ARREST)
### (PURSUANT TO 42 U.S.C. § 1983)

38. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

39. On December 2, 2017, in the County of Queens, City and State of New York, Defendants, their agents, servants and/or employees wrongfully and falsely arrested, imprisoned and detained Plaintiff without any right or grounds therefore, without any warrant or other legal process, without authority of the law, and without any reasonable cause or belief that Plaintiff was guilty of any crimes.

40. Defendants, and/or their agents, servants and/or employees, wrongfully, unlawfully, and without probable or reasonable cause, violently handcuffed, arrested and imprisoned Plaintiff.

41. In addition, with full force of arms, Defendants laid hold of and compelled Plaintiff to go with P.O. THOMPSON and P.O. JOHN DOES #1-3, and be detained and imprisoned at the precinct at the Pomonock Houses, and Central Booking, both of which are located in the County of Queens, City and State of New York, for approximately 10.5 hours until released at around midnight.

42. Plaintiff was wholly innocent of any criminal charges; nevertheless, he was forced by Defendants to submit to the aforesaid arrest and imprisonment entirely against his will.

43. Defendants, their agents, servants and/or employees, as set forth above, on or about the above date, time and place, intended to confine Plaintiff. In addition, Plaintiff was conscious of the confinement, did not consent to the confinement, and the confinement was not otherwise privileged.

44. By reason of the false arrest and detention of Plaintiff, Plaintiff was subjected to great

indignities, humiliation and ridicule.

45. As a result thereof, Plaintiff is entitled to judgment in the amount of $1,000,000.00.

### THIRD CLAIM FOR RELIEF
### (COMMON LAW FALSE ARREST)

46. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

47. On December 2, 2017, in the County of Queens, City and State of New York, Defendants, their agents, servants and/or employees wrongfully and falsely arrested, imprisoned and detained Plaintiff without any right or grounds therefore, without any warrant or other legal process, without authority of the law, and without any reasonable cause or belief that Plaintiff was guilty of any crimes.

48. Defendants, and/or their agents, servants and/or employees, wrongfully, unlawfully, and without probable or reasonable cause, violently handcuffed, arrested and imprisoned Plaintiff.

49. In addition, with full force of arms, Defendants laid hold of and compelled Plaintiff to go with P.O. THOMPSON and P.O. JOHN DOES #1-3, and be detained and imprisoned at the precinct at the Pomonock Houses, and Central Booking, both of which are located in the County of Queens, City and State of New York, for approximately 10.5 hours until released at around midnight.

50. Plaintiff was wholly innocent of any criminal charges; nevertheless, he was forced by Defendants to submit to the aforesaid arrest and imprisonment entirely against his will.

51. Defendants, their agents, servants and/or employees, as set forth above, on or about the above date, time and place, intended to confine Plaintiff. In addition, Plaintiff was conscious of the confinement, did not consent to the confinement, and the confinement was not otherwise

7

privileged.

52. By reason of the false arrest and detention of Plaintiff, Plaintiff was subjected to great indignities, humiliation and ridicule.

53. As a result thereof, Plaintiff is entitled to judgment in the amount to be determined at a trial of this action, but believed to be in excess of the jurisdictional limits of all lower courts, plus punitive damages, plus costs, attorney's fees and such other relief as this court may deem just and proper.

### FOURTH CLAIM FOR RELIEF (ASSAULT AND BATTERY)
### (PURSUANT TO 42 U.S.C. § 1983)

54. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

55. The conduct of P.O. THOMPSON and P.O. JOHN DOES #1-3 constituted assault and battery of Plaintiff, was excessive, unwarranted, unnecessary and violent, and violated Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York.

56. As a result thereof, Plaintiff is entitled to judgment in the amount of $1,000,000.00.

### FIFTH CLAIM FOR RELIEF
### (COMMON LAW ASSAULT)

57. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

58. Defendants are liable for the above-mentioned assault on Plaintiff.

59. As a result thereof, Plaintiff is entitled to judgment in the amount of $1,000,000.00.

## SIXTH CLAIM FOR RELIEF
## (COMMON LAW BATTERY)

60.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

61.     Defendants are liable for the above-mentioned battery on Plaintiff.

62.     As a result thereof, Plaintiff is entitled to judgment in the amount of $1,000,000.00.

**WHEREFORE**, Plaintiff demands judgment against the defendants as follows:

On each claim for relief, judgment in the amount of $1,000,000.00, and Plaintiff demands an additional sum of punitive damages against each defendant to be determined at the trial of this action; and in the event Plaintiff is a prevailing party, attorney's fees, interest, costs, and such other relief as this Court shall deem just and proper.

Dated: October 4, 2018

Yours, etc.,
**Law Offices of Michael Dreishpoon**

_____
By: Michael Dreishpoon, Esq.
Attorneys for Plaintiff
DOMINICK BARRETT
118-35 Queens Blvd., Ste. 1500
Forest Hills, NY 11375
718-793-5555
md@dreishpoon.com

## CERTIFICATION

Pursuant to 29 CFR 220.32, the undersigned, an attorney admitted to practice in the courts of the Eastern District of New York, certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous, are well grounded in fact and are warranted by existing law.

Dated: October 4, 2018

                Yours, etc.,
                **Law Offices of Michael Dreishpoon**

                _____
                By: Michael Dreishpoon, Esq.
                Attorneys for Plaintiff
                DOMINICK BARRETT
                118-35 Queens Blvd., Ste. 1500
                Forest Hills, NY 11375
                718-793-5555
                md@dreishpoon.com